**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATHERINE Y. DE WALL,

      Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Commissioner
Social Security Administration,

      Defendant-Appellee.

No.   16-35111

D.C. No. 6:15-cv-00288-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 25, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Catherine Y. De Wall appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  At step four of the

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

sequential evaluation process, the administrative law judge (ALJ) determined that De Wall could perform her past relevant work as a kitchen helper or dishwasher. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we vacate and remand.

The ALJ erred in assigning little weight to the contradicted opinion of examining psychologist Peter LeBray. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for partially rejecting Dr. LeBray's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014). The ALJ's conclusion that Dr. LeBray's opinion was inconsistent with the record and Dr. LeBray's own medical findings was not supported by substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

Although the ALJ's reasoning lacks the requisite specificity, it is not clear from the administrative record that the ALJ would be required to award benefits if the medical evidence regarding LeBray's impairments were properly considered and evaluated. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101

(9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."). Accordingly, we remand for further proceedings.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**